Ross vs The State.

---

ROSS vs. THE STATE OF MISSOURI.

1. Where a defendant demurs to an indictment, and his demurrer is overruled, the court cannot enter up judgment against him, and assess his punishment—a plea should have been put in, and a trial had by a jury.

2. In criminal cases a demurrer is not considered as a confession of guilt.

ERROR to Platte Circuit Court.

McBRIDE, J., delivered the opinion of the court.

The defendant was indicted at the March term, 1842, of the Platte circuit court, for a violation of the dram shop law. At the July term

the defendant appeared by his attorney and filed his demurrer to the indictment, which having been overruled by the court, the court proceeded to asses the fine, and enter judgment against the defendant.

The question presented on the record in this case has heretofore been decided by this court; that is, whether it is proper in a criminal case, where the defendant demurs to the indictment, and his demurrer is overruled, for the court to asses the fine, and enter judgment thereon.

In Thomas vs. the State, 6 Mo. R. 457, the court say, "but the statute directs that in all cases where the defendant does not confess the indictment to be true, a plea of not guilty shall be entered, and the same proceedings shall be had, as if the defendant had formally pleaded not guilty to such indictment."

"The law never contemplated that a man charged criminally, means to confess the indictment to be true when he demurs; even in civil cases the defendant who has a demurrer decided against him, is allowed to withdraw his demurrer and plead. A jury should have been empannelled to find whether the defendant was or was not guilty."

The judgment of the circuit court is reversed, and the cause remanded for further proceedings therein.